UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS V. HOLLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 1:13-CR-096-CLC-SKL-1 |
| ) | 1:17-CV-323-CLC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

This is a pro se prisoner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 50[1]]. Respondent has filed a response in opposition thereto [Doc. 55]. For the reasons set forth below, the Court finds that Petitioner's § 2255 motion [Doc. 50] is without merit and it will be **DENIED**.

**I.   BACKGROUND**

Petitioner pleaded guilty to charges that he unlawfully obstructed, delayed, and affected commerce by committing a robbery of a business that affected interstate commerce, in violation of 18 U.S.C. § 1951 [Doc. 16 p. 1]. The Court entered judgment against Petitioner on October 2, 2014 [Doc. 49]. Petitioner did not file an appeal.

Instead, on November 13, 2017, Petitioner filed the instant § 2255 motion in which he sets forth one claim of ineffective assistance of counsel and three claims regarding the conditions of confinement at his current institution [Doc. 55 p. 4–8]. While Petitioner acknowledges that he filed his § 2255 motion outside of the one-year statute of limitations, he sets forth a number of reasons that he did not timely file the motion, including: (1) he has been too busy fighting another

---

[1] All citations to the record are to Criminal Case No. 1:13-CR-096-CLC-SKL-1.

criminal case against him; (2) he was in protective custody at one facility and "concerned with survival only;" (3) he was attacked on several occasions and has had other health concerns; (4) he was on psych medications that made him "horribly confused;" (5) he only became aware of ineffective assistance of counsel and post-conviction relief claims on October 26, 2017; and (6) he first gained access to a federal law library as of December 1, 2016 [*Id.* at 9, 11].

In its response, Respondent asserts that the § 2255 motion is untimely and that Petitioner's claims are not cognizable under § 2255.

## II. ANALYSIS

While it does appear that Petitioner's § 2255 petition is likely time-barred, Petitioner has set forth a number of arguments for equitable tolling that would be time-consuming for the Court to address. Thus, as it is also apparent that Petitioner's claims for relief are not cognizable under § 2255, it is more efficient for the Court to address the claims on this basis. Accordingly, the Court will proceed in this manner.

First, Petitioner argues that his counsel in the underlying criminal proceeding was ineffective for not filing a request for disposition and motion for speedy trial for an Arizona state criminal case [Doc. 50 p. 4]. Petitioner asserts that, had counsel filed such a motion, Arizona would have had to dismiss the other case and he would have been sent to a federal prison with medium security [*Id.* at 4–5]. This claim, however, makes no assertion that counsel's performance in the underlying criminal proceeding before this Court was ineffective, nor does it set forth any allegation regarding the constitutionality of the judgment or sentence against Petitioner in this case. Rather, it relates to whether Petitioner's counsel in the underlying criminal proceeding was ineffective with regard to a separate criminal case against Petitioner over which this Court has no jurisdiction. As such, this claim is not cognizable under § 2255. *See* 28 U.S.C. § 2255 (providing

2

that a petitioner is only entitled to relief under § 2255 where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law or otherwise open to collateral attack, or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack).

Next, Petitioner asserts that (1) his sentence has become cruel and unusual punishment due to a detainer from Arizona increasing his security level and causing him to be imprisoned with gang members and physically and sexually assaulted; (2) other inmates are harassing him in his current housing; and (3) he is a "persona non grata" among whites at his current institution because he refuses to assault someone due to his religious beliefs [*Id.* at 6–8]. Again, however, these claims have nothing to do with the constitutionality of the judgment or sentence against Petitioner in the underlying criminal case in this Court. Rather, they concern the conditions of Petitioner's confinement in West Virginia. Accordingly, these claims are not cognizable under § 2255. *See Johnson v. United States*, 76 F.3d 379 (6th Cir. 1996) (holding that a district court correctly dismissed claims regarding conditions of confinement set forth in a § 2255 motion, as they are not cognizable under § 2255).

### III. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his motion [Doc. 50] will be **DENIED**. Thus**,** under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). After reviewing Petitioner's claims regarding his counsel's

performance in Arizona and his conditions of confinement, the Court finds that reasonable jurists could not conclude that they deserve further review under § 2255, as Petitioner has failed to make a substantial showing of the denial of a constitutional right related to the judgment or sentence imposed in the underlying criminal proceeding. Accordingly, a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**